UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
TIMOTHY MAKAS

               Plaintiff,

       - against -

RICHARD MIRAGLIA, HOWARD HOLANCHOCK,
MR. HALIK, BETH JUDGE, SALIL
KATHPALIA, SUE STEVENS, and NEW
YORK STATE OFFICE OF MENTAL HEALTH

              Defendants.
------------------------------------X
TIMOTHY MAKAS

               Plaintiff,

       - against -

KRISTIN ORLANDO. MS. SHAH, MR. MALIK,
MR. WIREDU, BETH JUDGE, MR. CARBONA,
HOWARD HOLANCHOCK, ZELMA ARMSTRONG,
MS. G. SHIVASHANKAR, and MR. KATHPALIA

              Defendants.
------------------------------------X
DEBORAH A. BATTS, United States District Judge.

05 Civ. 7180 (DAB)(FM)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/05/07

06 Civ. 14305 (DAB)(FM)

ADOPTION OF REPORT
AND RECOMMENDATION, AND
FURTHER ORDER OF
THE COURT


## I. BACKGROUND

On August 12, 2005, Plaintiff filed an Amended Complaint in
Case No. 05 Civ. 7180 (DAB)(FM) ("Complaint #1") against
Defendant New York State Office of Mental Health ("OMH") and
several OMH employees.  Complaint #1 alleges, inter alia, that
Plaintiff's constitutional rights were violated when OMH

1

representatives submitted him to routine blood tests and then left open the records of those test results to OMH employees. Complaint #1 prays for compensatory and exemplary damages. (Compl. #1 at 20.) Defendants have moved to dismiss that Complaint.

On December 11, 2006, Plaintiff filed a Complaint in Case No. 06 Civ. 14305 (DAB)(FM) ("Complaint #2") against OMH employees, some of whom are Defendants named in the first action. Complaint #2 alleges that Defendants violated his constitutional rights by continuing to draw blood from him in retaliation for the first lawsuit and by threatening to keep him confined to a psychiatric center until he dismisses that lawsuit. (No. 06 Civ. 14305, ¶¶ 20, 38.)

On December 28, 2006, United States Magistrate Judge Frank Maas issued a Report and Recommendation ("Report"), recommending that Defendants' Motion to Dismiss Complaint #1 pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure be granted. (Report at 16.) Pursuant to 28 U.S.C. § 636(b)(1)(c), "[w]ithin ten days after being served with a copy [of the Magistrate Judge's Report], any party may serve and file written objections to such proposed findings and recommendations." 28 U.S.C. § 636(b)(1)(c); see also Fed. R. Civ. P. 72(b) (stating that "[w]ithin 10 days after being served with a copy of the

2

recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations."). Plaintiff filed timely objections to the Report.

For the reasons contained herein, Magistrate Judge Maas' Report shall be ADOPTED in its entirety, and Complaint #2 shall be DISMISSED by the Court sua sponte. Plaintiff shall be GRANTED leave to amend Complaint #2 within 45 days of the date of this Order.

## II. DISCUSSION

### A.    Plaintiff's Objections to the Magistrate's Report

When reviewing the portions of a report and recommendation to which no objections have been filed, "a district court need only satisfy itself there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). However, the District Court is required under 28 U.S.C. 636(b)(1)(c) to make a "de novo determination of those portions of the report or specified proposed findings or recommendations to which [an] objection is made." Plaintiff submitted five objections to the Magistrate's Report.

(1)  First Objection: OMH Immunity

Plaintiff first objects to the Magistrate's conclusion that sovereign immunity shields Defendant OMH, a state agency, from this suit.  As the Magistrate states, "[u]nder the Eleventh Amendment, a state and its agencies are generally immune from suit in federal court unless the state consents to be sued." Report at 31, citing Seminole Tribe of Florida, 517 U.S. 44, 54-59 (1996); Papasan v. Allain, 478 U.S. 265, 276 (1986); De La Nueces v. United States, 780 F. Supp. 216, 217 (S.D.N.Y. 1992). Plaintiff cites a host of cases to argue that immunity under the Eleventh Amendment does not bar absolutely suits brought by individual citizens against states or their agencies.  But none of the cases cited by Plaintiff apply here.  The cases to which he refers were either cases brought against state officials; see Pl.'s Obj. at 2-5, citing Planned Parenthood of Southeastern Pennsylvania v. Casey, 505 U.S. 833 (1992); Papasan v. Allain, 478 U.S. 265 (1986); Dunn v. Blumstein, 405 U.S. 330 (1972); Shapiro v. Thompson, 394 U.S. 618 (1969); suits initiated by the state itself; see Pl.'s Obj. at 2-5, citing New Jersey v. T.L.O., 469 U.S. 325 (1985); Skinner v. Oklahoma ex rel. Williamson 316 U.S. 535 (1942); a suit brought against a political subdivision of a state, see Pl.'s Obj. at 2-5, citing Kramer v. Union Free School Dist. #15, 395 U.S. 621 (1969); or a suit against a state

that was not commenced in federal court, but was later appealed from that state's high court to the Supreme Court; see Pl.'s Obj., citing Whitney v. California, 274 U.S. 357 (1927).

Because Plaintiff cites no case to counter this well-established precept of Eleventh Amendment law, his objection to the Magistrate's conclusion on OMH's immunity is without merit.

### (2) Second Objection: Liberty Interest in Refusing Bloodwork

Plaintiff objects to the Magistrate's finding that his liberty interest in refusing routine blood tests is not protected by the Constitution. To this end, Plaintiff cites three cases, but those cases merely stand for the general proposition that the Fourteenth Amendment protects the "freedom to care for one's health and person". See Pl.'s Obj. at 6, citing Planned Parenthood, 505 U.S. 833; Washington v. Harper, 494 U.S. 210 (1990); Doe v Bolton, 410 U.S. 179 (1973). Plaintiff cites nothing to counter the Magistrate's correct conclusion that because blood tests "are commonplace" and involve "virtually no trauma", occasional routine blood tests of a resident at a psychiatric facility to protect his health are not so conscience-shocking as to constitute a violation of the Fourteenth Amendment. See County of Sacramento v. Lewis, 523 U.S. 833, 846

(1998) (finding that a due process violation must "shock the conscience" or do violence to the "decencies of civilized conduct"); cf. Stanley v. Swinson, 47 F.3d 1176 (9th Cir. 1995) (finding that forced non HIV-related blood tests of prisoners for the purpose of diagnosing serious disease and preventing its transmission were not repugnant to a person's due process rights).

Because Plaintiff alleges no conscience-shocking or repugnant measure taken by Defendants during the administration of his blood tests, the Court finds that the Magistrate correctly concluded that the blood tests have not encroached on Plaintiff's due process rights.

### (3) Third Objection: Right to Privacy

Plaintiff objects to the Magistrate's conclusion that there has been no violation of his constitutional privacy right meriting the recovery of damages. According to Plaintiff, the Magistrate misunderstood his privacy claim as one against a particular OMH employee or employees who disclosed personal information from his medical records. Plaintiff writes, however, that his grievance is not with a particular employee's actions, but with the general OMH policy that permits all employees at the Mid-Hudson Psychiatric Center to view his medical records.

(Pl.'s Obj. at 3.)  Plaintiff argues that even if Complaint #1 does not allege that specific OMH employees improperly disclosed his personal records, he should recover damages for the office-wide policy that permits such disclosure.

Whether Plaintiff has a liberty interest in an OMH policy of nondisclosure is inapposite.  As stated supra, neither a state nor any of its agencies are proper defendants in a suit commenced by a citizen in federal court.  Plaintiff's privacy claim, therefore, is not sustainable against OMH.  Because the only relief sought in Complaint #1 is damages, the privacy claim also is not sustainable against any of the OMH employees in their official capacities.  See Papasan, 478 U.S. at 278 (noting that successful damages suits against state officials in their official capacity would deplete the public fisc and therefore are proscribed under the Eleventh Amendment); Edelman v. Jordan, 415 U.S. 651, 662-63 (1974) (same).

Accordingly, Plaintiff's third objection fails.


### (4) Fourth Objection: Psychological Pain

Plaintiff's fourth objection is twofold.  First, he contends that psychological pain is a cognizable constitutional injury, and that therefore he should recover damages.  (Pl.'s Obj. at 8.) Second, he objects to the Magistrate's conclusion that his

alleged psychological pain is not a violation of the Eighth Amendment.[1]  (Pl.'s Obj. at 9.)

While Plaintiff may be correct that psychological pain is a cognizable injury under the law, Plaintiff's argument misapprehends the thrust of the Magistrate's recommendations. The Magistrate has not recommended dismissal of those claims because of any distrust about Plaintiff's claim that he was emotionally distraught by Defendants' actions.  Rather, the Magistrate's reasoning was based on his finding that Defendants' conduct that allegedly invoked Plaintiff's psychological pain, i.e., the routine blood tests, was not so egregious as to shock the conscience of a reasonable person.  (See Report at 21.)

The Magistrate also correctly concluded that Plaintiff's alleged injury is not cognizable under the Eighth Amendment.  The Eighth Amendment's prohibition of cruel and unusual punishment only applies once the State "has secured a formal adjudication of guilt in accordance with due process of law."  Ingraham v. Wright, 430 U.S. 651, 671 n.40 (1977).  Plaintiff has not been convicted of, nor pled guilty to, any crime.

---

[1] Because Plaintiff's claims against OMH and the OMH employees in their official capacities are prohibited under the Eleventh Amendment, see supra, this objection is only relevant to Plaintiff's claims against Defendants in their individual capacities.

8

The cases cited by Plaintiff do nothing to counter this precept of Eighth Amendment jurisprudence. See Pl.'s Obj. at 9, citing Ferguson v. City of Charleston, 532 U.S. 67 (2001) (Fourth Amendment case); DeShaney v. Winnebago County Dept. of Social Servs., 489 U.S. 189 (1989) (state owed no Fourteenth Amendment duty to protect abused child from father); New Jersey v. T.L.O., 469 U.S. 325 (1985) (Fourth Amendment case); City of Revere v. Massachusetts General Hosp., 463 U.S. 239, 243-44 (1983) ("[t]he Eighth Amendment's proscription of cruel and unusual punishments is violated by deliberate indifference to serious medical needs of prisoners", but not when there has been "no formal adjudication of guilt at the time . . . medical care [was required."); Ingraham, 430 U.S. at 664 (1977) (Eighth Amendment was "designed to protect those convicted of crimes" and did not protect schoolchildren from disciplinary corporal punishment); Matter of Anonymous, 663 N.Y.S.2d 492 (Sup. Ct. 1997) (insanity acquitees are not entitled under state law to have their criminal records under seal); People v. Davis, 606 N.Y.S.2d 899 (1st Dept. 1994) (for purposes of speedy trial requirements, criminal proceeding commenced when criminal defendant withdrew plea of not responsible for reason of insanity).

Accordingly, Plaintiff's objections pertaining to psychological pain are without merit.

(5)   Fifth Objection: Alleged Forceful Hold-Down

Plaintiff argues that Defendant Beth Judge's holding him down to draw blood rose to the level of a constitutional violation.  Because Plaintiff's claim against Defendant Judge in her official capacity is improper on sovereign immunity grounds, see supra, Plaintiff's objection is relevant only to Defendant Judge's potential liability in her individual capacity.  For a government official performing discretionary functions to be shielded from individual liability for civil damages, the official's conduct must have violated clearly established rights, or the official reasonably should have known that the conduct violated Plaintiff's rights.  Mandell v. County of Suffolk, 316 F.3d 368, 385 (2d Cir. 2003).

Physical restraint of a person with mental or developmental disabilities does not violate due process if the interests of the state outweigh the person's liberty interest in freedom of movement.  Youngberg v. Romeo, 457 U.S. 301, 320-21 (1982).  In Youngberg, a state shackled an individual with developmental disabilities for prolonged periods of the day so that he would not harm himself or others.  Id.  The Supreme Court remanded the case so that the jury could properly consider whether the shackles unconstitutionally infringed on the restrained respondent's due process liberties, and whether the respondent

10

had successfully rebutted the presumption of correctness afforded to the decisions of medical and social services personnel. <u>Id.</u> at 324 (the State "may not restrain residents except when and to the extent professional judgment deems this necessary to assure such safety or to provide needed training").

Plaintiff's allegations significantly differ from the facts in <u>Youngberg</u>. He does not allege that he was shackled for extended periods of time. Rather, Defendant Judge allegedly held down Plaintiff for a brief time to facilitate the administration of his blood test. It is objectively reasonable for Defendant Judge to have believed that her conduct did not violate Plaintiff's rights. OMH has an interest in protecting the safety and health of its wards, including - as is the case here - the health and safety of Plaintiff. It is reasonable for Defendant Judge to have concluded that the only way to achieve that state interest was to restrain temporarily Plaintiff for the duration of a blood test. Therefore, neither Judge - nor any other individual Defendant - may be held liable in their individual capacities for restraining Plaintiff.

Accordingly, Plaintiff's fifth objection is without merit. Having considered each of Plaintiff's objections, this Court finds that Complaint #1 cannot survive Defendants' Motion to Dismiss.

11

B.    Plaintiff's Second Complaint (No. 06 Civ. 14305 (DAB)(FM))

      (1)   Dismissal of Complaint #2

      Complaint #2 also cannot survive.  As with the damages

claims in Complaint #1, the prayers for damages in Complaint #2

shall be dismissed on sovereign immunity grounds, to the extent

that the damages are sought against Defendants in their official

capacities.

      What this leaves from Complaint #2 are Plaintiff's claims

which involve injunctive relief against any Defendant in his or

her official capacity, and his claims which involve damages

against any Defendant in his individual capacity.  Those claims

are: 1) that Defendants extracted his blood in retaliation for

his litigation, and 2) that Defendants decided to confine him to

the Mid-Hudson Psychiatric Center indefinitely until he stops

litigating.

      The blood extraction claim shall be dismissed because, as

explained supra, routine and occasional blood testing of

residents of psychiatric centers does not shock a reasonable

person's conscience.  The retaliatory confinement claim also

shall be dismissed.  That claim does not make clear which

Defendants decided to confine Plaintiff or which Defendants even

have the authority to do so.  Nor does that claim make clear

                              12

whether the decision to confine him was because his

litigiousness, in Defendants' reasonably professional opinion,

was symptomatic of a psychiatric condition requiring confinement,

or whether Plaintiff's litigiousness of itself incited a purely

retaliatory response.

Accordingly, Complaint #2 is DISMISSED in its entirety.  See

Liner v. Goord, 196 F.3d 132, 134 (2d Cir. 1999) (permitting

court to dismiss sua sponte claims it deems frivolous or when no

claim has been stated).


(2)  Leave to Amend

Even when a complaint has been dismissed, permission to

amend it "shall be freely given when justice so requires."  Fed.

R. Civ. P. 15(a).  While it is the usual practice to allow leave

to replead, Cohen v. Citibank, No. 95 Civ 4826, 1997 WL 883789,

at *2 (S.D.N.Y. Feb. 28, 1997), a court may dismiss without leave

to amend when amendment would be futile.  Oneida Indian Nation of

New York v. City of Sherrill, 337 F.3d 139, 168 (2d Cir. 2003)

(citing Forman v. Davis, 371 U.S. 178, 182 (1962)).

Granting leave to amend the allegations in Complaint #2

relating to Plaintiff's Section 1983 retaliatory confinement

claims may not be futile.  Plaintiff alleges that a "team" of

Defendants told him: "Stop lawsuits or you will never leave [the

Mid-Hudson Psychiatric Center]."   (Compl. #2 ¶ 38.)   Plaintiff

also alleges that Defendant Orlando "decreed" in September of

2004 to "hold Plaintiff at [the Mid-Hudson Psychiatric Center]

for another two years because of 'renewed focus on litigation,

low level psychosis [sic]."   (Compl. #2 ¶ 20.)   These allegations

suggest that amendment of Plaintiff's Section 1983 retaliatory

confinement claim may not be futile.

Accordingly, Plaintiff shall be GRANTED 45 days from the

date of this Order to amend Complaint #2 to state his Section

1983 retaliatory confinement claim with more particularity.


### III. CONCLUSION

Having reviewed the specific objected-to portions of the

Report de novo, and having reviewed the remainder of the Report

for clear error, it is hereby:

ORDERED AND ADJUDGED as follows: the Report and

Recommendation of United States Magistrate Judge Frank Maas,

dated December 28, 2006, is APPROVED, ADOPTED, and RATIFIED by

the Court in its entirety.

Accordingly, Defendants' motion to dismiss Plaintiff's

Complaint in No. 05 Civ. 7180 (DAB)(FM) pursuant to Fed. R. Civ.
P. 12(b)(6) is hereby GRANTED.

Plaintiff's Complaint in No. 06 Civ. 14305 (DAB)(FM) is
hereby DISMISSED. Plaintiff is hereby GRANTED LEAVE TO AMEND
Complaint No. 06 Civ. 14305 (DAB)(FM) within 45 days of the date
of this Order.

The Clerk of the Court is DIRECTED TO CLOSE No. 05 Civ. 7180
(DAB)(FM) and remove it from the docket.

SO ORDERED.

Dated:   New York, New York
         March 5, 2007

                                   Deborah A. Batts
                                   United States District Judge

15